**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 01-30399
Summary Calendar

---

PETER WRIGHT,

Plaintiff-Appellant,

versus

MARK GASPARD; RYAN GASPARD; DONALD GREMILLION,
Individually and in his official capacity; BOBBY HAYES,
Individually and in his official capacity; BILLY TIGNER,
Individually and in his official capacity; JOE MENZINA,
Captain, Individually and in his official capacity; BARON KAYLO,
Individually and in his official capacity,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-2341
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
May 9, 2002

Before JOLLY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Peter Wright, Louisiana prisoner #77032, appeals the district court's dismissal of his excessive

force and excessive punishment claims pursuant to 42 U.S.C. § 1983. He asserts that the district

court erred in allowing the trial to go forward when discovery was not complete; the jury verdict was

against the weight of the evidence; the court erroneously excluded evidence regarding an alleged 5th

Amendment violation; the court erred in conducting trial without all of his witnesses; and the court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in denying his motions for judgment as a matter of law and for a new trial pursuant to Fed. R. Civ. P. 59.

Wright's argument regarding discovery is without merit. He complains that the medical records tendered in response to his discovery request were those of another person. However, Wright had possession of the records well before trial and he did not bring the error to the court's attention, but rather, waited until mid-trial to request that the appropriate records be tendered. The court did not err in refusing this request, as it should have been made prior to trial.

Wright's remaining arguments are insufficiently briefed to raise an appropriate issue for appeal. He essentially challenges the jury's credibility determinations and contends that the judgment against him was in error. Wright provides no legal or factual support for these arguments.

The jury is solely responsible for determining the weight and credibility of the evidence. United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995). The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review[.]" Fed. R. App. P. 28(a)(9); see Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). General arguments giving only broad standards of review and not citing to specific errors are insufficient to preserve issues for appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although replete with conclusional assertions and citation to cases for settled points of law, Wright's arguments fail to present a legal or factual argument (besides credibility) addressing the jury's verdict. Wright's brief does not suggest any basis for an appeal. His citation to Giles v. Cain, 734 So. 2d 109 (La. Ct. App. 1999), writ granted in part, 762 So. 2d 1116 (2000), is unavailing as that case is inapposite.

AFFIRMED.